Submitted on the record February 3, ballot title referred to Attorney General for modification March 25, 2004

Tim NESBITT,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
*Respondent.*

(SC S51107)

86 P3d 675

Lynn-Marie Crider, Salem, filed the petition for petitioner.

Judy C. Lucas, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With her on the answering memorandum were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

DE MUNIZ, J.

## DE MUNIZ, J.

In this ballot title review proceeding brought under ORS 250.085(2), petitioner contends that the Attorney General's certified ballot title for Initiative Petition 117 (2004) does not comply with the requirements of ORS 250.035(2)(d). If adopted, Initiative Petition 117 would amend the statutes that control union elections for public employees in Oregon. Presently, if unionized public employees wish to change or terminate their union representation, a significant number of their membership affirmatively must seek to do so by petitioning the Employment Relations Board (ERB) to hold an election for that purpose. Under Initiative Petition 117, that electoral choice would be placed automatically before public sector union members in mandatory elections regularly conducted by the State Labor Commissioner before the expiration of each bargaining unit's collective bargaining agreement.

■ We review ballot titles certified by the Attorney General to determine whether they substantially comply with the requirements of ORS 250.035(2). *See* ORS 250.085(5) (so stating). For the reasons that follow, we conclude that the ballot title at issue here does not comply substantially with those requirements and we therefore refer it to the Attorney General for modification.

Appendix A to this opinion sets out the text of Initiative Petition 117. For that proposed measure, the Attorney General certified the following ballot title:

"REQUIRES EMPLOYEE ELECTION TO MAINTAIN UNION REPRESENTATION BEFORE EXPIRATION OF EACH PUBLIC SECTOR UNION CONTRACT

"RESULT OF 'YES' VOTE:    'Yes' vote requires state to conduct election by affected public employees before expiration of each union contract, requiring a majority vote to maintain union representation.

"RESULT OF 'NO' VOTE:    'No' vote retains existing law allowing public employees to retain their chosen union representation until employees request election to discontinue or replace current union representation.

"SUMMARY: Under current law, public employees represented by a union may petition Employment Relations Board for an election to change or terminate union representation. Election may be requested before termination of each collective bargaining agreement but must be requested by a sufficient percentage of affected employees. Unless employees request election and a majority vote for change, union representation continues past expiration of collective bargaining agreement. No election may occur within 12 months of previous election. Proposed measure requires State Labor Commissioner to conduct an election before the expiration of every public sector union contract. Provides no funding. Union representation terminates unless majority of employees vote to continue representation; voting employees select union. No election may occur within 24 months of election discontinuing union representation. Other provisions."

Petitioner challenges only the summary of the certified ballot title. He first argues that, unless the summary contains, as a threshold matter, some statement explaining that election by a majority of workers is required initially to attain union representation, voters cannot understand the major effect of the proposed measure. We disagree. The summary must be worded so that voters will understand the breadth of a proposed measure's impact. *Sampson v. Roberts*, 309 Or 335, 339, 788 P2d 421 (1990). In this instance, the text of the proposed measure contains nothing that would alter current Oregon law regarding the initiation of union representation. As a result, the type of statement that petitioner seeks to include in the summary has little, if any, connection with the proposed measure's impact.

Petitioner, however, makes a second argument regarding the summary's adequacy as it relates to subsection (g) of Initiative Petition 117. That subsection provides:

"The employees in a bargaining unit in which a majority of the employees has [sic] voted not to be represented by a union may not be represented by a union thereafter, unless a majority of the employees vote in a vote-by-mail, secret ballot election conducted by the State Labor Commissioner not earlier than two years after the date of the *last election at which the employees chose not to be represented by a union*."

(Emphasis added.) The Attorney General's summary, in turn, states, "No election may occur within 24 months of *election discontinuing union representation*." (Emphasis added.) Petitioner contends that that portion of the summary is misleading. Specifically, he argues that the 24-month election bar does not result solely from elections that *discontinue existing* union representation. The text of the proposed measure's subsection (g), petitioner maintains, establishes a 24-month election bar after *any* election in which a majority of unrepresented public employees vote to reject union representation.

The essence of the Attorney General's response is that subsection (g), when read in context with the other provisions of the proposed measure, is limited to elections to discontinue union representation. We disagree with the Attorney General.

The proposed measure's initial paragraph, labeled Section 1, and subsections (a) through (f), unambiguously refer to an election requiring an already-unionized bargaining unit to vote on the question of continued union representation. Section 1, for example, describes the election in question as one that "shall be held to determine whether the employees represented under the agreement wish to *continue to be represented by a union * * *.*" (Emphasis added.) Subsection (f), in turn, provides that, if a majority of the participating workers "vote not to be represented by a union, *union representation of that bargaining unit shall cease*" at an appointed time. (Emphasis added.) In between those two provisions, subsections (a) through (e) spell out the mechanics of the election in question.

■ In contrast, subsection (g) is devoid of any reference linking application of that subsection to existing union representation. The text of that subsection is not ambiguous: the proposed measure bars a subsequent unionization election for two years following "the last election at which the employees chose not to be represented by a union." That phrase, as petitioner correctly observes, covers two kinds of elections: initial unionization elections that fail and decertification elections that successfully remove union representation. The

words of subsection (g) are not limited solely to periods following decertification elections. As a result, we hold that the Attorney General's certified ballot title for Initiative Petition 117 (2004) fails to comply substantially with the requirements of ORS 250.035(2)(d).[1] We refer the ballot title to the Attorney General for modification. *See* ORS 250.085(8) (authorizing that procedure).

Ballot title referred to Attorney General for modification.

---

[1] Our holding necessarily means that the Attorney General's statement in the summary regarding the role of the Labor Commissioner is inaccurate and also must be modified.

# APPENDIX A

## INITIATIVE PETITION 117 (2004)

"Section 1. Right of represented public employees to vote on union. Not later than 90 days before the expiration date of a public sector collective bargaining agreement under which the public employees in a collective bargaining unit are working, an election shall be held to determine whether the employees represented under the agreement wish to continue to be represented by a union, and if so, which union.

"(a) The election required by this section shall be conducted by the State Labor Commissioner prior to the expiration of each public sector collective bargaining agreement, and shall be conducted by mail and by secret ballot.

"(b) Every employee covered under the contract or paying for union representation by means of union dues, payment(s) in lieu of dues, or other means shall be eligible to vote in the election and mailed a ballot.

"(c) The first question on the ballot shall determine whether the employee wishes to be represented by a union and pay for that service. The question shall be worded as follows: Do you choose to be represented by a union and help pay for the cost of union representation?

"(d) The second question shall determine which union shall represent the employees in the event a majority of the participating employees vote to be represented by a union. The question shall be worded as follows: If a majority of those in your collective bargaining unit vote to be represented by a union, which union would you prefer to represent the employees in the bargaining unit? The question shall be followed by list of those unions vying to represent the employees in the bargaining unit.

"(e) If a majority of employees participating in the election vote to be represented by a union, the union receiving a majority of those voting shall represent the employees until the expiration of the new contract. If no union received a majority of the vote, then within 30 days a run-off election shall be held between the two unions receiving the highest number of votes.

"(f)  If a majority of the employees participating in the election vote not to be represented by a union, union representation of that bargaining unit shall cease at midnight on the date the existing collective bargain contract expires.

"(g)  The employees in a bargaining unit in which a majority of the employees has [*sic*] voted not to be represented by a union may not be represented by a union thereafter, unless a majority of the employees vote in a vote-by-mail, secret ballot election conducted by the State Labor Commissioner not earlier than two years after the date of the last election at which the employees chose not to be represented by a union.

"(h)  If a public sector collective bargaining contract expires during the 90-day period following the effective date of this section, the first election required under this section for such a bargaining unit shall be held not later than 120 days after the effective date of this section.

"(i)  If any phrase, clause, or part of this section is invalidated by a court of competent jurisdiction, the remaining phrases, clauses, and parts shall continue to be in full force and effect; and if any phrase, clause, or part is found to violate one or more constitutional rights of any person or group, the phrase, clause, or part shall continue to be effective for any person or group for which no violation has been found."